```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**WILLIAM MOATS,**
**MICHAEL BROWN,**
**LARRY HALL,**
**JOHN FRYE,**
**RONALD LAMBERT,**
**CLYDE CRAWFORD,**
**GYPSY BOHAN, and**
**BRIAN SHANN,**

      **Plaintiffs,**

**v.**                                    **Case No. 2:10-cv-01192**

**JAMES RUBENSTEIN, Commissioner,**
**DAVID BALLARD, Warden, and**
**C.J. RYDER, Religious Services**
**Coordinator,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is a Complaint under 42 U.S.C. § 1983 filed by the eight above-named plaintiffs, who, at the time of the filing of the Complaint, were incarcerated at the Mount Olive Correctional Complex ("MOCC") and Huttonsville Correctional Center (ECF No. 7).

Pursuant to the provisions of 28 U.S.C. § 1915A, the Court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Complaint is pending for initial screening; service of process has not been ordered on the defendants.

The Complaint alleges that the defendants have violated the plaintiffs' civil rights relating to the exercise of their sincerely held religious beliefs, that is "Asatru," by prohibiting them from worshiping "as a group" at any time.  The relief they seek is as follows:

> 1.  The right to practice our beliefs of Asatru as a group.
> 2. Provide, have provided or allow us to provide a gothi or priest of our faith to conduct services.
> 3. This institution as well as West Virginia Division of Corrections recognize our belief system and allow us the opportunity to celebrate our holidays as a group.
> 4. That W.V.D.O.C. allow and recognize the "kindred" or hearth as a religious community of our faith, such as Christians have "fellowship" or "assembly halls" and "Kairos" groups.  There is little or no difference in any of these.

(Complaint, ECF No. 7, at 5-6.)  While not explicitly stated, it appears that the plaintiffs seek injunctive and declaratory relief only.  The allegations relate to all plaintiffs.  Id. at 4-5. Attached to the Complaint are Exhibits A (Moats) and C through F (Frye, Hall, Lambert and Brown), which consist of some of the plaintiffs' efforts to exhaust their administrative remedies, and the responses of the MOCC administration.  Id. at 9-78.  There is no Exhibit B and no suggestion that plaintiffs Crawford, Bohan and Shann have grieved their issues.

In an Order entered January 24, 2011 (ECF No. 15), the Court noted that plaintiffs Williams Moats, Gypsy Bohon and Brian Shann were then housed at Huttonsville Correctional Center in the Northern District of West Virginia, that plaintiff Ronald Lambert was at Northern Correctional Center, also in the Northern District of West Virginia, and plaintiffs Brown, Hall, Frye and Crawford were located at MOCC.  The Order further stated that it would be unworkable to have one case being litigated by eight plaintiffs in three different institutions.  While defendant Rubenstein has authority over all the institutions, only the warden and religious services coordinator at MOCC are named.  None of the plaintiffs may litigate on behalf of other plaintiffs.

The Court gave each plaintiff <u>who is currently housed in an institution within the Southern District of West Virginia</u> thirty (30) days in which to prepare and file his own complaint, if he wished to pursue this matter.  They were instructed that each complaint will be a separate civil action for which the individual plaintiff will be wholly responsible.  A deadline for each plaintiff to file a complaint was set: **February 25, 2011.**  The Court advised the plaintiffs that if a plaintiff does not file his own complaint, it will be assumed that he does not wish to prosecute his claims further.  Finally, the Court advised that at the end of the 30 day period, and in the absence of newly filed individual complaints, the undersigned will recommend that this

case be dismissed.

As of March 10, 2011, none of the plaintiffs has filed his own complaint.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs do not wish to prosecute this civil action.  It is respectfully **RECOMMENDED** that this action be dismissed without prejudice.

The plaintiffs are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiffs shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such

objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to each plaintiff where they are currently incarcerated (MOCC: Brown, Hall, Frye, Crawford; Huttonsville: Moats and Bohan; Northern Regional Jail and Correctional Facility: Lambert; St. Mary's Correctional Center: Shann).

March 11, 2011
    Date

Mary E. Stanley
United States Magistrate Judge